No. 82–185. BOSTON FIREFIGHTERS UNION, LOCAL 718 *v.* BOSTON CHAPTER, NAACP, ET AL.;

No. 82–246. BOSTON POLICE PATROLMEN'S ASSN., INC. *v.* CASTRO ET AL.; and

No. 82–259. BEECHER ET AL. *v.* BOSTON CHAPTER, NAACP, ET AL., 461 U. S. 477. Motion of respondents to

retax costs denied.   JUSTICE MARSHALL took no part in the consideration or decision of this motion.

JUSTICE BLACKMUN, dissenting.

In 1981, the city of Boston decided to lay off hundreds of firefighters and police officers.   By statute, Massachusetts requires that civil service layoffs occur in the order of reverse seniority.   Mass. Gen. Laws Ann., ch. 31, § 39 (West 1979). Many minority members of Boston's Police and Fire Departments had been hired only recently pursuant to consent decrees by which Boston agreed to increase the proportion of minorities in the Departments in order to remedy its past discriminatory hiring practices.   As a result, layoffs under the statutory last-hired, first-fired policy would have reduced significantly the minority representation in the two Departments.

Respondents obtained an order from the United States District Court for the District of Massachusetts enjoining Boston from laying off personnel pursuant to the statutory policy to the extent that such layoffs would reduce the percentage of minority police officers and firefighters below the level obtained before the layoffs began.   The United States Court of Appeals for the First Circuit affirmed.   679 F. 2d 965 (1982).   After the Court of Appeals' decision, Massachusetts enacted legislation providing Boston with new revenues, requiring it to reinstate all police officers and firefighters laid off during the city's fiscal crisis, and securing those persons against future layoffs for fiscal reasons.   1982 Mass. Acts, ch. 190, § 25.

This Court granted certiorari to consider this important affirmative-action issue.   459 U. S. 967 (1982).   After hearing oral argument, however, the Court vacated the judgment and remanded for consideration of mootness in light of the new Massachusetts legislation.   461 U. S. 477 (1983).   Costs were assessed against respondents under this Court's Rule 50.2, which provides: "In a case of reversal or vacating

1228

of any judgment or decree by this Court, costs shall be allowed to appellant or petitioner, unless otherwise ordered by the Court." Respondents have moved to retax costs.

Here, as in *United States Nuclear Regulatory Comm'n* v. *Sholly*, *ante*, p. 1224 (BLACKMUN, J., dissenting from denial of motion), I believe the Court errs in denying respondents' motion. The Court's disposition of this case, which petitioners actively opposed, accorded petitioners none of the relief they sought, and in no way questioned the propriety, at the time it was rendered, of the Court of Appeals' judgment. Under these circumstances, I simply do not understand why respondents must pay petitioners' costs. As in *Sholly*, I would grant respondents' motion, and allow no costs to either party.